# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT TACOMA

| | |
|---|---|
| JAMES B. STOCKHOLD,<br><br>            Petitioner,<br><br>   v.<br><br>SCOTT FRAKES,<br><br>            Respondent. | NO. C10-5595 RBL/KLS<br><br>ORDER GRANTING<br>PETITIONER'S MOTION TO STAY |

Before the court is Petitioner's motion to stay his federal habeas proceedings pending exhaustion of some of his claims. ECF No. 28. Petitioner asks the court to stay his federal habeas petition for ninety days while he returns to state court to exhaust his unexhausted claims or, in the alternative, allow Petitioner to withdraw his petition without prejudice and to allow him to re-file his petition without being subject to the successive petition rule. *Id.*, p. 6.

Although Petitioner's motion is noted for November 19, 2010, the court finds that the request is reasonable and Respondent has indicated in his Answer that it is appropriate to hold this matter in abeyance pending Petitioner's attempt to exhaust his unexhausted non-procedurally barred habeas grounds for relief. ECF No. 26, p. 15.

**BACKGROUND**

Mr. Stockhold filed his habeas corpus petition on June 30, 2010 (transferred to this court from the Eastern District of Washington on August 23, 2010). ECF No. 1. On October 11, 2010, Respondent filed his answer asserting that Mr. Stockhold had failed to exhaust

Claims 1, 2, 3, 4, 5, and 8 because they were never properly presented to the Washington Court of Appeals. ECF No. 26, p. 13. Instead Mr. Stockhold had raised these new claims for relief in a motion for reconsideration and therefore, failed to give the state courts "one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. at 845. Further, his claims were presented in a procedural posture where the claims would not be considered (raised for the first time in a motion for reconsideration). *Castille v. Peoples*, 489 U.S. at 351; *Roettgen v. Copeland*, 33 F.3d at 38. However, because Mr. Stockhold may return to state court and file a collateral attack, the claim is not yet procedurally barred in state court. According to Mr. Stockhold, his one-year time limit to file a § 2254 petition does not expire until May 2011. ECF No. 28, p. 6.

Respondent states that the court should determine that Mr. Stockhold's petition is a mixed petition and provide him with the option to proceed on his exhausted claims only or to stay the petition while Mr. Stockhold seeks to exhaust his unexhausted claims. ECF No. 25, pp. 14-15.

**DISCUSSION**

In *Rose v. Lundy*, 455 U.S. 509, 520-522 (1982), the Court held the mixed federal habeas corpus petition, presenting both exhausted and unexhausted claims, must be dismissed without prejudice. The prisoner who "decides to proceed only with his exhausted claims and deliberately sets aside his unexhausted claims risks dismissal of subsequent federal petitions." *Id.* at 521. However, the United States Supreme Court has ratified an alternative to dismissal, the issuance of a stay to hold the petition in abeyance pending exhaustion of claims in the mixed petition. *Rhines v. Weber*, 544 U.S. 269 (2005). If the petitioner chooses to dismiss the unexhausted claims, the Ninth Circuit ruled the "district court must consider the alternative of staying the petition after dismissal of unexhausted claims, in order to permit Petitioner to

exhaust those claims and then add them by amendment to his stayed federal petition." *Kelly v. Small,* 315 F.3d. 1063, 1070 (2003) (citing to *Calderon v. U.S.D.C.(Taylor)*, 134 F.3d 981 (9th Cir. 1988) (reiterating the district court may at its discretion allow a petitioner to amend a mixed petition by deleting the unexhausted claims and holding the exhausted claims in abeyance until petitioner properly exhausted the unexhausted ones, and then allowing the petitioner to amend the stayed petition to add the now-exhausted claims.)).

If the district court exercises its discretion to stay federal proceedings while Petitioner exhausts his dismissed claims, the court may require Petitioner to file his new state petition within 30 days and the stay may remain in effect until 30 days following entry of a final judgment to allow Petitioner to present a fully exhausted petition for habeas review to the district court. *Kelly*, 315 F.3d at 1071.

Petitioner requests that he be given 90 days within which to file his state petition because he has not yet received all his relevant legal materials from the Department of Corrections following his transfer to a new facility on July 26, 2010. ECF No. 28, p. 2. Petitioner has been informed that he should be receiving his materials soon. *Id.*, p. 5.

The court agrees that a stay of this federal habeas proceeding is the appropriate course of action and that neither party shall be prejudiced by such a stay. Petitioner shall file his petition with the state court within 90 days of this Order. Once the pending state court proceedings are completed, Petitioner shall file an amended petition within 30 days of receiving the final state court ruling. Respondent shall have 45 days to file his answer to Mr. Stockhold's amended habeas petition from the date of the court's Order dissolving the stay.

| | |
|---|---|
| 1 | Accordingly, it is **ORDERED:** |
| 2 | (1) Petitioner's motion for a stay (ECF No. 28) is **GRANTED** and this matter is |
| 3 | **STAYED** pending resolution of the state court proceedings. |
| 4 | (2) Petitioner shall file his amended habeas petition within **thirty (30)** days of |
| 5 | receiving a final State court ruling. |
| 6 | |
| 7 | DATED this  8th  day of November, 2010. |

/s/ Karen L. Strombom
Karen L. Strombom
United States Magistrate Judge