UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JAMES BENEDICT STOCKHOLD,

                 Petitioner,

    v.

SCOTT FRAKES,

                 Respondent.

No. C10-5595 RBL/KLS

**REPORT AND RECOMMENDATION**
**Noted For: July 12, 2013**

This habeas corpus action has been referred to the undersigned United States Magistrate Judge Karen L. Strombom pursuant to Title 28 U.S.C. § 636(b)(1) and Local MJR 3 and 4. It has been more than sixty days since the Court's mailings to Petitioner were returned and the Court does not have a current address for the Petitioner. Therefore, the undersigned recommends that the Court dismiss this action as Petitioner appears to have abandoned his case.

**DISCUSSION**

By Order dated November 8, 2010, this habeas proceeding was stayed pending resolution of Petitioner James Benedict Stockhold's state court proceedings. ECF No. 29. Petitioner was ordered to file his amended habeas petition within thirty (30) days of receiving a final state court ruling. *Id.* Mr. Stockhold filed a status report on April 9, 2012, advising that his state court proceedings were still pending. ECF No. 39. On February 27, 2013, the Court directed Mr. Stockhold to file another status report. ECF No. 41. That mail was returned to the Court as undeliverable on March 8, 2013. ECF No. 42. A second mailing of the same order to

REPORT AND RECOMMENDATION - 1

an address found in Mr. Stockhold's pleadings was also returned as undeliverable on March 8, 2013. On April 22, 2013, the Court directed the Respondent to file a status report and reminded Petitioner of his duty to keep the Court advised of his present address. ECF No. 44. That mail was returned to the Court as undeliverable on April 26, 2013. ECF No. 45. A second mailing of the same order was also returned as undeliverable on May 10, 2013. ECF No. 47.

Plaintiff has previously been advised of his duty to keep the Court advised of his current address. *See* ECF No. 45, at 3. Rule 41(b)(2) of the Local Rules provides:

> A party proceeding pro se shall keep the court and opposing parties advised as to his current address. If mail directed to a pro se [Petitioner] by the clerk is returned by the Post Office, and if such [Petitioner] fails to notify the court and opposing parties within 60 days thereafter of his current address, the court may dismiss the action without prejudice for failure to prosecute.

CR 41, Local Rules W.D. Wash.

This action has existed more than sixty days without a current address for the Petitioner. Dismissal without prejudice for failure to prosecute is appropriate. Accordingly, the undersigned recommends **DISMISSAL WITHOUT PREJUDICE** for failure to prosecute pursuant to Local Rule 41(b)(2).

## CONCLUSION

The Court should dismiss this action without prejudice as Petitioner has left no forwarding address and appears to have abandoned the case.

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report to file written objections. *See also* Fed. R.Civ.P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985). Accommodating the

REPORT AND RECOMMENDATION - 2

time limit imposed by Rule 72(b), the Clerk is directed to set the matter for consideration on **July 12, 2013**, as noted in the caption.

**DATED** this  21st  day of June, 2012.

Karen L. Strombom
United States Magistrate Judge

REPORT AND RECOMMENDATION - 3